# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GARY SMITH and MARTHA SMITH, § § § | |
| *Plaintiffs,* § § | |
| v. § § | Civil Action No.  4:21-CV-837 |
| STATE FARM LLOYDS, INC. d/b/a § STATE FARM INSURANCE § COMPANIES or STATE FARM FIRE § AND CASUALTY CO., § § | Judge Mazzant |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Opposed Motion for Sanctions and to Strike Defendant's Fact Witnesses (Dkt. #51). Additionally, the Court held a telephone conference (the "Conference") with the parties on December 8, 2022, dealing with the discovery disputes in this case (Dkt. #55). The Court will construe the issue concerning written discovery discussed in the Conference as an oral Motion to Compel and Issue Sanctions. Having considered the motions and the relevant pleadings, the Court finds that the Plaintiffs' Opposed Motion for Sanctions and to Strike Defendant's Fact Witnesses (Dkt. #51) is **DENIED** and Plaintiff's Motion to Compel and Issue Sanctions is **GRANTED in part** and **DENIED in part.**

### BACKGROUND

This case arises out of an insurance agreement between the parties and a question of payment after a tornado struck plaintiff's home (Dkt. #1 at pp. 2–3). On October 18, 2021, Plaintiffs Gary and Martha Smith (collectively, "Smith") filed this lawsuit against Defendant State Farm Lloyds, Inc d/b/a State Farm Insurance Companies or State Farm Fire and Casualty Company

("State Farm") (Dkt. #1).  The parties are scheduled for trial starting on January 23, 2023.  Despite the eve of trial approaching, the parties have experienced difficulties in completing discovery.

On November 28, 2022, Smith filed the pending motion requesting that the Court enter sanctions against State Farm because certain depositions of State Farm's witnesses had not been scheduled at the fault of State Farm (Dkt. #51).  On December 7, 2022, State Farm filed its response, requesting the Court to deny Smith's motion and to enter sanctions against Smith because certain depositions of Smith's witnesses had not been scheduled at the fault of Smith (Dkt. #54).  On December 8, 2022, the Court held the Conference, at the request of Smith, to follow this Court's procedures, as a motion to compel cannot be filed without scheduling a telephone conference with the Court (Dkt. #8; Dkt. #55).  The Court addressed three main discovery issues during the Conference: the scheduling of depositions that is briefed in Smith's pending motion, permissible topics during the 30(b)(6) deposition, and problems with written discovery, including the interrogatories and request for production responses given by State Farm.  The Court issued a ruling on the 30(b)(6) permissible topics and reserved ruling on the written discovery issues (Dkt. #55).  On December 14, 2022, Smith filed its reply for the original motion, where it informed the Court that following the Conference, State Farm provided availability for some of the State Farm witnesses to have their deposition taken (Dkt. #58 at p. 2).  Despite the dates being given for some witnesses, availability was not given for all the remaining witnesses.  Also in its reply, Smith raises the issue of one witness, William Givens ("Givens"), as State Farm claims he is not under its control anymore after alleging that he was in State Farm's initial disclosures (Dkt. #58, at p. 3). Ultimately, Smith requests for the Court to enter sanctions against State Farm for delaying discovery in numerous ways prior to the Conference (Dkt. #58 at pp. 4–5).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Rule 37 also authorizes sanctions for a failure to respond to discovery. FED. R. CIV. P. 37. Rule 37(d) specifically addresses sanctions "for failing to answer interrogatories or to respond to requests for production." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 n.1 (5th Cir. 1990). "A failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions." *Id.* at 1032. Further, Rule 37(d) "has been interpreted to encompass responses which are [so] evasive or misleading" they should be treated as a failure to answer. *Id.* at n.1 (citing *Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165 (4th Cir. 1985)); *see also Moody v. Schwartz*, 97 F.R.D. 741, 742 (S.D. Tex. 1983).

In addition to the codified rules, a district court also possesses the inherent power to sanction litigants for abusive practices when there is no applicable federal rule. *See Pruco Life Ins. Co. v. Villarreal*, No. H-17-2795, 2022 WL 14915624, at *4 (S.D. Tex. Oct. 25, 2022). While this is not a preferred method to sanction parties, courts may manage their own affairs to ensure "orderly and expeditious dispositions of cases." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 83 F.3d 464, 467 (5th Cir. 1996) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). For a court to exercise this inherent power, there must be some component of bad faith on behalf

of the party to be sanctioned. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). However, because a court's inherent powers are so potent, this power "must be exercised with restraint and discretion." *Id.* at 44.

The Court's Local Rules impose specific procedural requirements regarding discovery disputes. *See* LOCAL RULE CV-7(H). In the event the parties encounter a discovery dispute, Local Rule CV-7(h) requires parties first fulfill the "meet and confer" requirement. Then, if the parties are still unable to resolve the dispute without court intervention, "the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motions to compel" (Dkt. #8).

## ANALYSIS

The Court does recognize that the parties have engaged in many discovery disputes, including ones that will not be discussed in this motion. However, the Court will limit its analysis of sanctions on three matters. First, the Court will discuss the situation surrounding Givens. Then, the Court will consolidate the two pending motions and address the arguments regarding sanctions for both the issues of scheduling depositions as well as the problems with written discovery. The Court first turns to the issue of Givens.

I. **William Givens**

The Court recognizes the significance of Givens as a witness, as he conducted a repair estimate on the Smith home back in 2019 on behalf of State Farm after the tornado struck (Dkt. #58 at p. 3). Additionally, the Court recognizes that other witnesses are likely to reference Givens and the estimate he conducted at trial. In its initial disclosures, State Farm listed Givens as a witness under its control. However, during the Conference, State Farm informed the Court of the following:

4

> Givens is not an employee of State Farm. We didn't realize that initially, but we realized it and have so informed plaintiff's counsel. He was also a catastrophe adjuster. I can provide the last known information that we have for him. We have reached out to him and received no response from him. We don't oppose his deposition, . . .

(Dkt. #56 at p. 5). In its reply, Smith informed the Court that State Farm did provide Smith with the contact information it had for Givens after the Conference (Dkt. #58 at pp. 3–4). However, Smith is requesting that the Court issue sanctions against State Farm because Givens' contact information was not provided to him earlier in a supplement to State Farm's initial disclosures. Smith argues that this is sanctionable conduct and requests for an order prohibiting any of State Farm's witnesses from "relying on, mentioning, referring to or basing any testimony on the Smith home repair estimate prepared by William Givens," as well as striking Givens as a potential witness (Dkt. #58 at p. 4). The Court finds no wrongdoing on behalf of State Farm at this time regarding its inability to locate Givens. Despite State Farm's efforts, Givens has not responded to State Farm. State Farm believes that the contact information it has for Givens is out-of-date (Dkt. #58, Exhibit 1 at p. 2). Because of this, State Farm had no *valid* contact information to supplement its initial disclosures. Additionally, State Farm did inform Smith that Givens was not under its control as initially believed (Dkt. #56 at p. 5).

The Court does not view State Farm's actions in this regard as an abuse of discovery or as delay tactics. The Court will not issue sanctions against State Farm on this issue because there is a lack of bad faith on State Farm's part. Smith's request that Givens should be prohibited from testifying or that there may be no mention of his estimate at trial will be denied. The Court will now discuss the scheduling problems between the parties.

## II. Scheduling of Depositions

Ultimately, the Court finds one reason why depositions have not been completed—a lack of cooperation between the parties. At the conclusion of the Conference, the Court informed the

parties that they needed to work with one another and issued a few rulings (Dkt. #56 at pp. 33–35). For the scheduling of depositions, the Court ruled that the parties should meet and confer to schedule depositions (Dkt. #56 at p. 33). If the parties could still not agree on dates, each party would be allowed to serve a notice of deposition, so long as the opposing party has at least two-weeks to get the witness there and prepared for the deposition (Dkt. #56 at p. 33).

As to Smith's argument that sanctions still need to be issued, the Court finds that its ruling at the Conference should suffice for now. There is no explicit rule that identifies a lack of communication to schedule depositions as sanctionable conduct. This means that the Court would have to act under its inherent authority, as some courts have found that a party acting to delay proceedings is worthy of sanctions in certain situations. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (discussing a court's inherent authority to issue sanctions and finding "delaying litigation" as a valid reason); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 102 (D.N.J. 2006) (finding "employing a strategy of delay" as a reason that sanctions were warranted under inherent powers). The Court finds that sanctioning State Farm for their conduct regarding scheduling as unnecessary at this point. The fact that so many depositions have not been taken at this point in the proceedings is not the fault of a single party, but rather the fault of both parties. This lack of cooperation is troubling, and while the Court made this clear to the parties in its Conference, it is highlighted again here because of the irony of both parties asking for sanctions because availability has not been given, when they themselves have not provided availability of their own witnesses.

The Court will not issue sanctions at this point to either party because of a lack of communication from both parties. If problems continue with the scheduling of depositions as trial quickly approaches, the Court asks that, at a minimum, the parties practice what they preach and ensure they have complied with the very conduct that they are alleging the Court to mandate from

6

the other side.  The Court has ordered the parties to meet and confer regarding availability and it hopes that there is not a further need for the Court to intervene.  Because of its ruling at the Conference and the Court's decision to not act under its inherent authority, Smith's motion for sanctions on this issue will be denied.  The Court now turns to the issues from written discovery responses.

### III.     Written Discovery

The Court comes to a different result when looking at the interrogatories and requests for production in this case.  At the conclusion of the Conference, the Court informed the parties to submit the interrogatories and requests for production responses at issue and subsequently reserved ruling until it could review those documents.

#### A.  Interrogatories

Starting with the interrogatories, Federal Rule of Civil Procedure 33 allows a party to serve upon any other party written interrogatories to discover relevant information.  A party's opinions and contentions are discoverable by interrogatory.  *Krawczyk v. City of Dallas*, No. 3:03-CV-0584D, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (citing FED. R. CIV. P. 33(C)).  Each interrogatory must "be answered separately and fully in writing under oath." FED. R. CIV. P. 33(B).  This language has been interpreted to mean that it is "technically improper and unresponsive for an interrogatory to refer to outside material," such as pleadings, depositions, other documents, or other interrogatories.  *Kleppinger v. Tex. Dep't of Transp.*, No. 5:10-CV-124, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007)).

Upon reviewing the documents, the Court finds the majority of the objections and interrogatory responses as evasive and used to merely delay.  State Farm begins by objecting

eleven times to the definitions and instructions. Then, State Farm proceeds to object and fail to answer the interrogatories. For example, the first interrogatory and answer state the following:

> **INTERROGATORY NO. 1:** Identify each person answering these interrogatories, supplying information or assisting in any way with the preparation of the answers to these interrogatories.
>
> **OBJECTION: State Farm objects to this interrogatory because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.**
>
> **RESPONSE: Subject to and without waiving the foregoing, State Farm states that this discovery is being answered with the assistance of counsel.**

Not only does State Farm make an objection that does not apply to the interrogatory, as no confidential communications are being requested, but then State Farm proceeds to not answer the question with any specificity. *See In re Adkins Supply, Inc.,* 555 B.R. 579, 588–89 (Bankr. N.D. Tex. 2016) (finding that attorney-client privilege did not apply to similar interrogatory). Additionally, in nine of the fourteen[1] interrogatories—Interrogatory No. 5, 6, 7, 8, 11, 12, 13, 14, and 15—State Farm merely refers to prior communications, other documents, or other interrogatories, meaning they are not answered "separately and fully." FED. R. CIV. P. 33(B). At the very least, the Court will order State Farm to give actual answers to those nine interrogatories and Interrogatory No. 1 listed above.

However, the Court's analysis on the interrogatories does not end there. Starting with Interrogatory No. 3, the Court overrules State Farm's objections. This Court has overruled broad form objections in the past and it will continue to do so in this case. While parties are more than welcome to object to interrogatories, the parties have an obligation to still provide answers to the interrogatories, subject to the ruling on initial objections. Here, State Farm made broad form

---

[1] The Court recognizes that there is no Interrogatory No. 9 in the original document sent to State Farm. The Court will keep the interrogatory numbers as they appear in the original document, meaning it will refer up until "Interrogatory No. 15," when there are only fourteen actual interrogatories.

objections and failed to answer the question asked. As to the vagueness objection, the Court will overrule the objection. Smith makes clear its "claims and request for payments" in its original complaint and State Farm should not need any more specification (Dkt. #1 at p. 16). The other objections made—ambiguous, not limited in scope, unduly burdensome, and attempting to flip the burden—are also overruled as they are not made specifically to address the request of "identify and describe Defendant's opinions and contentions about Plaintiffs' separate and distinct claims." The Court finds that these are broad form objections and will be overruled. *See Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) ("Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections.") Additionally, State Farm did not answer Interrogatory No. 3 subject to its objections. "The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)). In the response to the interrogatory, State Farm references Smith's Claim File, which is essentially all of State Farm's materials on the Smith's claims, State Farm's expert reports, and prior communications between the parties. State Farm argues that because it has already produced the Claim File to Smith, it does not need to "regurgitate the previously disclosed/basis for its coverage position and its defenses in this lawsuit." The Court disagrees. The purpose of having interrogatories and needing a clear answer is because the "responding party is bound by its answer and the answers can be introduced into evidence." *Stiward v. United States*, No. 05-1926, 2007 WL 2417382, at *3 (E.D. La. Aug. 24, 2007). These discovery tools are available to supplement a party's case, and if a party chooses to use its discovery tools to get a party's basis for its claims clearly in writing, then it may do so. It is not the job of State Farm to

9

decide what is appropriate for an interrogatory unless it has an adequate legal basis. Because State Farm has failed to satisfy its obligation of answering Interrogatory No. 3 "separately and fully," the Court will order State Farm to amend its initial response and give an actual answer to Interrogatory No. 3. FED. R. CIV. P. 33(B).

As for Interrogatory No. 2, 4, and 10, the Court is satisfied with the answers or objections given by State Farm. In Interrogatory No. 2, Smith is too broad with its request. If Smith is asking for "official statements" that State Farm has acquired, then it could have been clearer asking for that. However, the request was for "any statements or comments," which is entirely too broad and could encompass several communications. State Farm's objections to Interrogatory No. 2 are sustained. As to Interrogatory No. 4, the Court will not choose to rule on the interrogatory, as this Court does not deal with attorneys' fees until after the initial trial has been conducted. Therefore, the Court will not order State Farm to amend its answer, as the request is untimely in this Court. Finally, as to Interrogatory No. 10, the Court again will overrule all the broad form objections that are made by State Farm and consistent with the prior ruling, it should be required to answer the interrogatory without referring to other documents. The difference with Interrogatory No. 10 is that State Farm gives an answer to the request. The correspondence is as follows:

> **INTERROGATORY NO. 10:** State and describe the amount of money, additional money or additional coverage Plaintiffs are entitled to under Option ID as declared and described in the Insurance Contract.
> . . . .
>
> **RESPONSE: None. Defendant refers Plaintiffs to the terms of their policy. . . .**

The Court finds that response validly answers the interrogatory, therefore, the Court will not compel State Farm to amend its answer to Interrogatory No. 10.

Now that each interrogatory has been addressed and the Court has specified which interrogatories it will compel State Farm to amend and give an adequate answer, it will discuss whether sanctions need to be issued.

Rule 37 and Rule 26 list a multitude of sanctions that can be issued for discovery violations. Rule 37 allows the Court to impose sanctions on State Farm because the Court found the answers given were incomplete and evasive, and those responses should be treated as a failure to answer. *See Chapman & Cole v. Itel Container Intern. B.V.*, 116 F.R.D. 550, 560 (S.D. Tex. 1987) (citing *Moody*, 97 F.R.D. at 742). Rule 26 allows the Court to impose sanctions on State Farm because upon signing the document with interrogatory responses, State Farm certified that it was "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" *Id.* at 556–57 (quoting FED. R. CIV. P. 26(G)). Under both applicable rules, a court may order reasonable expenses in favor of the movant, including attorneys' fees.

Overall, State Farm's objections had little to no merit and State Farm chose not to fully answer almost all of the interrogatories. Instead, it disclosed State Farm's Claim File on the Smith's case and believed that it covered all its obligations. The Court has not previously warned counsel that Rule 26(g) and Rule 33(b) will be enforced, but to deter future violations by any counsel in this case, the Court finds that sanctions should be imposed in the form of attorneys' fees. *See Heller v. City of Dallas*, 303 F.R.D. 466, 494 (N.D. Tex. 2014). The Court will issue these monetary sanctions against State Farm because of the continuously delays it has caused and for abusing the discovery process by providing responses that the Court views as delaying tactics. Smith will need to submit to the Court a detailed breakdown of the expenses incurred and fees

billed with regards to the preparation of the interrogatories as well as the preparation and attendance of the Conference.

### B. Requests for Production

As for the requests for production, Federal Rule of Civil Procedure 34 governs the written discovery tool where a party can request from the other party certain documents or electronically stored information. State Farm begins its response to Smith's requests for production with two pages of objections before getting to the actual responses. In its responses, again, State Farm makes numerous boilerplate objections that will be overruled. State Farm also refers to the Claim File that it has given to Smith and again, fails to respond to some of the requests stating that: "[B]ased on the objections stated above, State Farm is not producing documents in response to this request." However, requests for production are inherently different discovery tools than interrogatories. According to State Farm's responses, it did produce a number of documents, including the Claim File and emails that were responsive to the requests that Smith made. Accepting these as true, State Farm provided adequate responses to the requests made and since the Court finds that the responses were not evasive or incomplete answers made for the purposes of delay, the Court will not compel State Farm to amend any responses and it will not enter sanctions against State Farm for its request for production responses.

## CONCLUSION

It is so **ORDERED** that Plaintiffs' Opposed Motion for Sanctions and to Strike Defendant's Fact Witnesses (Dkt. #51) is **DENIED.**

It is further **ORDERED** Plaintiff's oral Motion to Compel and Issue Sanctions is **GRANTED in part**, in that State Farm must amend its answers to Interrogatory No. 1, 5, 6, 7, 8, 11, 12, 13, 14, and 15 within five (5) days from the date of this Order. If State Farm fails to fully

answer these interrogatories for a second time, the Court will revisit the issue of sanctions. All other remedies sought in Plaintiff's oral Motion to Compel and Issue Sanctions will be **DENIED**.

It is further **ORDERED** that Smith will submit to the Court a detailed breakdown of the expenses incurred and fees billed with regards to the preparation of the interrogatories as well as the preparation and attendance of the Conference.

**IT IS SO ORDERED.**

**SIGNED this 6th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE