# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| GARY SMITH and MARTHA SMITH, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  4:21-CV-837 |
| | § | Judge Mazzant |
| STATE FARM LLOYDS, INC. d/b/a | § | |
| STATE FARM INSURANCE | § | |
| COMPANIES or STATE FARM FIRE | § | |
| AND CASUALTY CO., | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiffs' Opposed Motion for Leave to Amend Their Complaint and Name "State Farm Lloyds" as Defendant (Dkt. #65) and Defendant State Farm Lloyds, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) (Dkt. #61).  Having considered the motions, the relevant pleadings, and the applicable law, the Court finds that the Plaintiffs' Opposed Motion for Leave to Amend Their Complaint and Name "State Farm Lloyds" as Defendant (Dkt. #65) will be **GRANTED** and Defendant State Farm Lloyds, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) (Dkt. #61) will be **DENIED as moot**.

## BACKGROUND

This case arises out of an insurance agreement between the parties and a question of payment after a tornado struck plaintiff's home (Dkt. #1 at pp. 2–3).  On October 18, 2021, Plaintiffs Gary and Martha Smith (collectively, "Smith"), who are Texas citizens, filed this lawsuit against Defendant State Farm Lloyds, Inc., which is "a Texas corporation that is the attorney-in-

fact of State Farm Lloyds" (Dkt. #1; Dkt. #61 at p. 1).  Smith did not sue State Farm Lloyds, an Illinois corporation, although it seems that it was Smith's intention to sue State Farm Lloyds (Dkt. #1 at p. 4) ("Defendant is a nonresident for-profit corporation based and incorporates under the laws of the State of Illinois with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.").  On November 22, 2021, although State Farm Lloyds was not the listed defendant, it filed an original answer to Smith's complaint, acknowledging that it was "incorrectly named" in the complaint (Dkt. #4 at p. 1).

Over a year later, Smith had still not changed the named defendant.  On December 15, 2022, State Farm Lloyds, Inc. filed its first motion with this Court, the pending Motion to Dismiss based on a lack of jurisdiction because the parties are not diverse (Dkt. #61).  On December 23, 2022, Smith filed a response, arguing that State Farm Lloyds has always been the defendant in this case (Dkt. #70).  On December 29, 2022, State Farm Lloyds, Inc. filed a reply (Dkt. #75), to which Smith filed a sur-reply on December 30, 2022 (Dkt. #79).  After State Farm Lloyds, Inc. filed its Motion to Dismiss and before Smith filed its response, Smith filed the pending Motion for Leave to Amend Complaint on December 22, 2022 (Dkt. #65).  On January 4, 2023, State Farm Lloyds, Inc. filed a response, arguing that Smith's lack of diligence prevents them from showing good cause (Dkt. #83).  On January 5, 2023, Smith filed a reply (Dkt. #87).  On January 6, 2023, State Farm Lloyds, Inc. filed a sur-reply (Dkt. #90).

The parties are scheduled for trial starting on January 23, 2023.  Despite trial approaching, the parties cannot agree on how to proceed.  Specifically, Smith is now attempting to correct what appears to be a mistake that was made at the beginning of the proceedings, but State Farm Lloyds, Inc. is opposed.  Instead, State Farm Lloyds, Inc. is requesting that Smith be prohibited from remedying its mistake, which in turn, would require the Court to dismiss this case because the

parties are not diverse.  The Court will consolidate the two pending motions and issue a ruling for both orders.

## LEGAL STANDARD

### I.    Motion for Leave to Amend Complaint

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013).  Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes.  *See id.*  Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes.  *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent."  *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.").  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).  Only after the movant demonstrates good cause under

Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend.  *Id.*  Rule 15(a) instructs the court to "freely give leave when justice so requires."  *Id.*  The rule "'evinces a bias in favor of granting leave to amend.'"  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).  But leave to amend "is not automatic."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  Whether to grant leave to amend "lies within the sound discretion of the district court."  *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).

## II.    Motion to Dismiss – 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  28 U.S.C. § 1332 provides that the United States district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Subject matter jurisdiction exists under § 1332 only when there is complete diversity between every plaintiff and every defendant, and this is determined by looking at the parties' citizenship.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

## ANALYSIS

The Court will first address the jurisdictional question.  It is the Court's understanding that at this point, it does not have jurisdiction over the parties.  Smith asserted in the original complaint that the Court had jurisdiction over the case based on diversity jurisdiction (Dkt. #1 at p. 5) ("Jurisdiction is based upon 28 U.S.C. § 1332.").  However, "[i]t is well-established that the

4

diversity statute requires complete diversity of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs share the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (internal quotations omitted).   The named defendant, State Farm Lloyds, Inc., is a Texas corporation incorporated under the laws of Texas, and both plaintiffs are Texas citizens (Dkt. #1 at p. 4; Dkt. #61 at p. 2).   No diversity of citizenship exists, and therefore, the Court must decide whether it will grant leave for Smith to amend the original complaint, as that decision will guide the Court on how to proceed.   There are ultimately two possible results: First, the Court decides to deny Smith's pending motion to amend its complaint and it will have no choice but to dismiss the lawsuit.   Second, the Court decides to grant Smith's pending motion to amend its complaint and because all the procedural defects will have been cured, the Court will deny State Farm Lloyds, Inc.'s Motion to Dismiss.

The Court will need to decide if Smith has shown good cause to amend the original complaint it filed back in October of 2021.   The Court will address the four factors and whether they weigh in Smith's favor.   The first factor is the explanation for the failure to timely move for leave to amend.   *See S&W Enters., L.L.C.*, 315 F.3d at 536.   At first glance, this factor is heavily against Smith.   Smith was informed by State Farm Lloyds numerous times that it was the wrong defendant, yet Smith did nothing to change the procedural posture of the case and has failed to offer any explanation.   In its response, State Farm Lloyds, Inc heavily relies on this factor, labeling it "the most important factor" (Dkt. #83 at p. 4).   However, the jurisdictional issue was only raised in a motion before this Court for the first time less than a month ago.   While the Court does agree that there was a lack of diligence on Smith's part in this case given its mistake in naming the party, it does not change the fact that State Farm Lloyds knew of this mistake, continued with the

proceedings, and did not raise the jurisdictional issue until now.  Additionally, as soon as jurisdiction was raised as an issue by State Farm Lloyds, Inc., Smith requested leave to amend the original answer from this Court exactly one week later.  While the first factor seems to be against finding good cause for Smith, the Court cannot simply ignore the gamesmanship tactics that State Farm Lloyds and State Farm Lloyds, Inc. are attempting.  In fact, the Court does point out the fact that these parties have litigated this insurance case for well over a year, and only up until recently has State Farm Lloyds, Inc. made any filings for the case.  On December 14, 2022, State Farm Lloyds, Inc. made its first filing under that name (Dkt. #59).  This means that it was State Farm Lloyds that answered the complaint, participated in discovery, and made every filing from November 22, 2021, to December 13, 2022, *not* State Farm Lloyds, Inc.  The Court will now turn to the other three factors.

The second factor is the importance of the amendment.  *See S&W Enters., L.L.C.*, 315 F.3d at 536.  Changing the named defendant in this case is critical for Smith.  As already mentioned, if the amendment is not allowed, the entire lawsuit will be dismissed.  The third factor is the potential prejudice that would result if the amendment was allowed.  *Id.*  The Court again points to the fact that the party that will be the named defendant, State Farm Lloyds, has been the party engaging in this lawsuit from its initial filing to December 13, 2022.  State Farm Lloyds cannot raise any argument that they are wholly unprepared when they have been at the driver's seat for almost the entirety of these proceedings.  Additionally, State Farm Lloyds, Inc. is not represented by different counsel.  State Farm Lloyds is fully aware with what all is going on with this case and the pending issues that will be decided at trial.  The Court finds little to no prejudice if the amendment is granted.  The fourth and final factor is the availability of a continuance to cure such prejudice.  *See S&W Enters., L.L.C.*, 315 F.3d at 536.  Because the Court found little to no prejudice, it will not

need to decide the last factor.  *See Dantin on Behalf of Templeton v. S. Home Care Serv, Inc.*, No. 16-692, 2017 WL 5762433, at *5 (M.D. La., Nov. 7, 2017).

Despite Smith's lack of diligence in changing the named defendant earlier in the proceedings, the four factors weigh in favor of Smith.  The Court finds that good cause exists to allow Smith to amend the original complaint and substitute the named defendant for the party that has participated in this litigation all along.

Ultimately, Smith made a mistake when it first filed this lawsuit.  While Smith was informed numerous times about this mistake, it was not until the incorrectly named defendant, State Farm Lloyds, Inc., filed to dismiss the lawsuit that Smith attempted to correct the named defendant situation.  The only available action for Smith that allows them to ensure that all the resources they spent on litigation over the last year do not go to waste is exactly what they are requesting here.  In in the interests of justice, the Court finds that Smith will be allowed to substitute the named defendant and correct its mistake.  Once this occurs, the pending Motion to Dismiss that is based on a lack of jurisdiction will have no merit and will be denied as moot.

## CONCLUSION

It is hereby **ORDERED** that Plaintiffs' Opposed Motion for Leave to Amend Their Complaint and Name "State Farm Lloyds" as Defendant (Dkt. #65) will be **GRANTED.**  The clerk is directed to remove "State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies or State Farm Fire and Casualty Co." as a defendant in this case and add "State Farm Lloyds" as a defendant.  This substitution will allow "State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies or State Farm Fire and Casualty Co." to be dismissed and allow "State Farm Lloyds" to be the sole defendant in the above-captioned lawsuit.

It is further **ORDERED** that Defendant State Farm Lloyds, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) (Dkt. #61) will be **DENIED as moot**, as all pending jurisdictional issues have been resolved based on the change in defendant.

**IT IS SO ORDERED.**

**SIGNED this 10th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE