# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GARY SMITH and MARTHA SMITH, § § § | |
| *Plaintiffs,* § § | Civil Action No. 4:21-CV-837 |
| v. § § | Judge Mazzant |
| STATE FARM LLOYDS, § § § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Second Motion for Sanctions (Dkt. #81) and Plaintiffs' Third Motion for Sanctions (Dkt. #93). Having considered the motion, the Court finds that Plaintiffs' Second Motion for Sanctions (Dkt. #81) will be **DENIED** and Plaintiffs' Third Motion for Sanctions (Dkt. #93) will be **GRANTED in part** and **DENIED in part.**

### BACKGROUND

This case arose out of an insurance agreement between the parties and a question of payment after a tornado struck Plaintiffs Gary and Martha Smith's (collectively, "Smith") home (Dkt. #1 at pp. 2–3). The parties went to trial on January 23, 2023, and after a five-day trial, the jury returned with a verdict in favor of the Defendant State Farm Lloyds ("State Farm") (Dkt. #147). The pending motions concern discovery-related issues that occurred before trial began.

In the weeks leading up to trial, the parties filed numerous motions with the Court with concerns of jurisdiction, substituting experts, and excluding certain witnesses and exhibits at trial. At the pre-trial conference ("PTC") for this case, the Court informed the parties that it would resolve all the pending motions, but that it would wait until the trial concluded to issue an order on the two above-mentioned sanctions motions (Dkt. #110 at p. 31). The Court noted that the

motions were not ripe for ruling and the Court rarely imposed death-penalty sanctions based on discovery-related issues (Dkt. #110 at pp. 35–36). State Farm informed the Court that it intended to respond to the pending motions and the Court wanted to give them an opportunity to do so (Dkt. #110 at p. 36). However, as of date, State Farm has failed to respond to either motion. Despite the Court announcing that the decisions would be issued at a later time, the parties still briefly discussed some of the issues in the pending motions at the PTC (*See* Dkt. #110 at pp. 36–37).

Additionally, the Court will point out that it has already issued sanctions against State Farm in this case for some of its written discovery responses (Dkt. #91). The Court found that "the majority of [State Farm's] objections and interrogatory responses [were] evasive and used to merely delay" (Dkt. #91 at p. 7). As a result, the Court issued monetary sanctions against State Farm, but ordered Smith to submit certain payment information that would assist the Court in weighing the proper amount of expenses that should be paid to Smith (Dkt. #91 at p. 11). Smith has since filed that information, so the Court will also address the issue of fees and whether they are reasonable in this Order (Dkt. #98).

On December 31, 2022, Smith filed the second motion for sanctions, arguing that State Farm's conduct warranted certain sanctions because it was not properly engaging in discovery (Dkt. #81). In the motion, Smith discussed all of State Farm's alleged bad conduct. However, the Court issued a Memorandum Opinion and Order on Smith's first motion for sanctions after Smith filed the second motion (Dkt. #91). In that Order, the Court discussed some of the issues that Smith raised in the second motion. Finally, on January 9, 2023, Smith filed the third motion for sanctions, generally reiterating the points it had made in the previous two motions (Dkt. #93). However, Smith also included two new arguments of alleged discovery abuse (Dkt. #93 at pp. 11–12). State Farm did not respond to either the second or third motions for sanctions.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.* If a party disobeys a discovery order, the court where the action is pending must order monetary sanctions, requiring "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply, unless the disobedient party was "substantially justified or other circumstances make an award of expenses unjust." FED R. CIV. P 37(b)(2)(C).

In addition to the codified rules, a district court also possesses the inherent power to sanction litigants for abusive practices when there is no applicable federal rule. *See Pruco Life Ins. Co. v. Villarreal*, No. H-17-2795, 2022 WL 14915624, at *4 (S.D. Tex. Oct. 25, 2022). While this is not a preferred method to sanction parties, courts may manage their own affairs to ensure "orderly and expeditious dispositions of cases." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 83 F.3d 464, 467 (5th Cir. 1996) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). For a court to exercise this inherent power, there must be some component of bad faith on behalf of the party to be sanctioned. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). However, because a court's inherent powers are so potent, this power "must be exercised with restraint and discretion." *Id.* at 44.

## ANALYSIS

In Smith's second motion for sanctions, they raise five reasons why they are entitled to sanction based on State Farm's conduct. In Smith's third motion for sanctions, they raise the same five issues, along with two new disputes. The seven issues raised in the motions are as follows: (1) State Farm's failure to produce a corporate representative on December 20, 2022 (the "December 20 Deposition"); (2) State Farm's boilerplate objections to written discovery; (3) William Givens; (4) State Farm's failure to provide certain documents in initial disclosures and on its trial list; (5) State Farm's refusal to cooperate regarding the scheduling of depositions; (6) State Farm's failure to produce a corporate representative on January 4, 2023 (the "January 4 Deposition"); and (7) Mike Madden. However, the Court has already addressed some of Smith's arguments in its previous Order (Dkt. #91). Therefore, the Court will quickly dismiss of the arguments that it has already conducted an analysis on, then it will address the monetary sanctions from the previous order, and the Court will finally address each of the remaining issues in turn.

### I. Previous Sanctions Order

In its previous Order, the Court dealt with State Farm's boilerplate objections to written discovery, the issues surrounding William Givens, and State Farm's refusal to cooperate regarding the scheduling of depositions (Dkt. #91). Smith does not identify any new bad faith conduct by State Farm related to these topics that would necessitate issuing sanctions. Therefore, the Court need not address Smith's second, third, and fifth bases for issuing sanctions in this Order.

As previously mentioned, the Court ordered Smith in its previous Order to "submit to the Court a detailed breakdown of the expenses incurred and fees billed with regards to the preparation of the interrogatories as well as the preparation and attendance of the [December 8, 2022] Conference" (Dkt. #91 at p. 13). On January 12, 2023, Smith submitted the expenses they incurred (Dkt. #98). In the breakdown, it is made clear that the Smith was paying $695 an hour for legal

fees, and that Smith's counsel billed 13.1 hours related to the written interrogatories and the telephone conference with the Court. The Court finds this total, $9,104.50, as reasonable attorneys' fees that will be provided to Smith from State Farm, pursuant to the previous sanctions Order. The Court will now discuss whether it will issue any further sanctions against State Farm for its conduct in the discovery process.

## II.   Corporate Representative Depositions

Throughout the discovery process, the parties tried to schedule the corporate representative deposition at various times. In the pending motions, Smith alleges in its first and sixth bases that the deposition was cancelled twice at the fault of State Farm (Dkt. #93 at pp. 9–12). Smith alleges that both the December 20 Deposition and January 4 Deposition did not occur because State Farm "fabricated" a "jurisdictional issue" so that it could circumvent the deposition (Dkt. #93 at p. 9). The Court disagrees.

As the Court already pointed out in a prior Order, the jurisdictional issue that State Farm raised was a valid one (Dkt. #94). The issue arose because "Smith made a mistake" when the lawsuit was first filed, and despite being notified numerous times by State Farm of their mistake, Smith never made a change (Dkt. #94 at p. 7). Smith sued the wrong party, naming "State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies or State Farm Fire and Casualty" as the original defendant. However, there was a problem with that named defendant because "State Farm Lloyds, Inc." is a Texas corporation, meaning the Court would not have subject-matter jurisdiction because there would be no diversity of citizenship between the parties (Dkt. #94 at pp. 4–5). The correct defendant, State Farm Lloyds, arguably knew that it was the intended party to be sued. However, after continuous notification to Smith in various filings over the span of a year, Smith did not ever attempt to change the named defendant until State Farm filed a motion to dismiss for a lack of jurisdiction (Dkt. #94 at p. 7). Therefore, the Court will not issue sanctions against State Farm

5

related to these issues because during both the December 20 Deposition and January 4 Deposition, there was a valid jurisdictional issue that resulted because of Smith's actions. The Court refuses to find bad faith conduct on behalf of State Farm on this issue because it was Smith that chose not to act and change the named defendant. Additionally, the Court resolved the jurisdictional issue on January 10, 2023 (Dkt. #94). The Court was informed that a corporate representative deposition did in fact take place a day after that Order was published (Dkt. #110 at p. 36). So, while there may have been some delay in scheduling and taking the corporate representative deposition, because the deposition was taken right after the Court resolved State Farm's concern, the Court refuses to find that State Farm's conduct was so egregious that it warrants sanctions. In sum, the Court will deny the request to issue any sanctions based on the inability to provide a witness on the December 20 Deposition and January 4 Depositions.

### III. Disclosure of Documents

Smith's next set of arguments concern State Farm's disclosure of documents, as Smith's fourth basis for sanctions alleges that State Farm failed to adequately disclose the proper documents during initial disclosures and that State Farm failed to turnover its trial exhibits in a timely manner (Dkt. #93 at p. 10). The Court will address both issues and whether State Farm's conduct is worthy of sanctions.

First, during initial disclosures, a party has an obligation to provide to the other parties all documents "that the disclosing party has in its possession, custody, or control and may use to supports is claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). In failing to comply with Federal Rule of Civil Procedure 26(a), sanctions may be allowed under Federal Rule of Civil Procedure 37. *See Edwards v. Junior State of Am. Foundation*, No. 4:19-CV-140, 2021 WL 1600282, at *5–*6 (E.D. Tex. Apr. 23, 2021). In this case, State Farm responded to Smith during initial disclosures with the statement: "Will supplement" (Dkt. #93,

Exhibit 1 at p. 3). State Farm did in fact supplement its disclosures a few months later (Dkt. #93, Exhibit 3). Smith did not ever have the Court intervene on this matter and the Court finds that this was harmless. *See Olivarez v. CEO Group, Inc.*, No. EP-14-CV-436, 2016 WL 8679093, at *6 (W.D. Tex. Jan. 27, 2016) (applying the factors of *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) to determine whether actions were sanctionable or harmless for purposes of Rule 26(a) violations). In fact, although the documents were disclosed after the initial deadline, the Court finds that Smith had ample time to review the documents. Because the Court may not impose sanctions on a party under Rule 37 if the violation of Rule 26(a) was harmless, the Court will not issue sanctions against State Farm under Rule 37. While the Court will generally state that it does not agree with State Farm's method of how it handled the initial disclosures in this case, the Court will also not use its inherent authority to find that this conduct warrants sanctions. The Court refuses to do so because of the rather high threshold for the imposition of sanctions using its inherent authority. *See United States v. Rodriguez*, 41 F.4th 728, 732 (5th Cir. 2022).

The next issue is related to State Farm's trial exhibits and the trial exhibit list that State Farm produced. Now, the Court agrees with Smith, the trial exhibit list that was first provided to Smith was inadequate. State Farm failed to properly disclose all the exhibits that it intended to use at trial, and its inclusion of general "categories" of information on the exhibit list was not sufficient. However, the Court has already remedied this situation (Dkt. #110 at pp. 40–44). At the PTC, the parties argued about the trial exhibit list and the Court agreed with Smith. In its response, State Farm asked for an opportunity to "make it right" (Dkt. #110 at p. 43). The Court allowed this, giving a hard deadline of updating the trial exhibit list by that next Tuesday (Dkt. #110 at p. 44). It is the Court's understanding that State Farm complied with this request (Dkt. #120).

Additionally, regarding the lately disclosed exhibits, the Court notes that there are two different sets of exhibits that Smith is likely referring to.  As previously mentioned, there is a group of exhibits that were disclosed to Smith later than expected, but disclosed on August 11, 2022, or October 4, 2022 (Dkt. #93, Exhibits 2–3).  Again, the Court finds no issue with these exhibits.  These exhibits, albeit late, were not a surprise to Smith.  Smith had adequate time to review these exhibits, and so there was no "trial by ambush" at play.  As to the exhibits that were only disclosed to State Farm the weekend before trial, the Court addressed this issue at trial.  The Court excluded all exhibits from being used that were disclosed the weekend before trial began (Dkt. #183 at p. 11).  Therefore, based on the way the Court has previously handled these issues, the Court refuses to see how Smith's arguments arise to the level of sanctionable conduct or why Smith would need any other remedy than what has already been ordered.  The Court will now discuss the last remaining issue, the deposition of Mike Madden.

### IV. Mike Madden

The only issue remaining is the events surrounding the deposition of Mike Madden.  In the pending third motion for sanctions, Smith's seventh basis for sanctions alleges that on January 6, 2023, Smith was scheduled to depose Mike Madden and it was cancelled at the fault of State Farm (Dkt. #93 at p. 12).  Although Mike Madden ended up being deposed as one of State Farm's corporate representatives, the deposition that was supposed to take place on January 6th was for Madden as a fact witness for State Farm (Dkt. #110 at p. 36).  Therefore, State Farm cannot rely on its previous arguments regarding the jurisdictional issue to excuse this missed deposition.

Although State Farm did not respond to the motion, State Farm did discuss the issue with the Court during the PTC.  At the PTC, State Farm informed the Court that the deposition of Mike Madden was cancelled due to an illness by one of State Farm's attorneys (Dkt. #110 at p. 36).

8

Smith argued at the PTC that State Farm could have had one of their other attorneys on the case defend Madden's deposition (Dkt. #110 at p. 37).

Another important factor that the Court will point out is that the parties had previously come to the Court regarding an issue for scheduling depositions. During that telephone conference with the Court, the Court concluded that the reason depositions had not been taken was due to a lack of cooperation of the parties (Dkt. #56 at p. 33). The Court ordered the parties to meet and confer regarding deposition dates, but if that did not work, to notice the deposition, and so long as the parties had at least two weeks of notice, the parties would be required to "produce those people on those days" (Dkt. #56 at p. 33). Here, Smith noticed the deposition of Mike Madden on December 16, 2022 (Dkt. #93 at p. 12). Because State Farm had over two weeks of notice regarding Madden's deposition, the Court will construe State Farm's actions as a violation of a court order. *See United States v. $49,000 Currency*, 330 F.3d 371, 376–79 (5th Cir. 2003) ("In failing to comply with the district court's order, Claimants-Appellants rendered themselves vulnerable to sanctions to be administered in the district court's discretion.")

Under Federal Rule of Civil Procedure 37(b)(2), the Court may issue monetary sanctions against State Farm for its actions. However, the Court does note that Madden's deposition was eventually taken five days after the intended date (Dkt. #110 at p. 36). So, when Smith requests that State Farm be sanctioned for "$20,000 for the nonappearance of [] Madden," the Court does not find this appropriate. The attorneys' fees that Smith is requesting were not wasted on Madden because his deposition was eventually taken, and so requiring these fees to be paid to Smith would be unjust. However, Smith also requests the Court to issue sanctions based on the court reporter and videographer fees that they incurred as a result of Madden's nonappearance (Dkt. #93 at p. 12). The Court agrees that this would be "reasonable expenses" in this case. There are two reasons

why this is true. First, court reporter fees and videographer fees that were incurred would fall under the category of "reasonable expenses" that were caused by the failure to comply with the Court's previous order. *See Nguyen v. Louisiana State Bd. of Cosmetology*, No. 14-80, 2016 WL 67731, at *3 (M.D. La. Jan. 5, 2016). However, these fees may not be reasonable if Smith was given plenty of notice that Madden was not going to appear. The second reason why the Court finds that these are reasonable expenses are that in this case, State Farm notified Smith of Madden's nonappearance on January 5, 2023, just one day before the scheduled deposition (Dkt. #93 at p. 12). Smith did not have enough time to adjust accordingly without having to pay some fees. Therefore, the Court finds that the court reporter fees and videographer fees, $425 and $466 respectively, should be included in the amount that is owed to Smith by State Farm (Dkt. #93, Exhibits 43–44).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Second Motion for Sanctions (Dkt. #81) will be **DENIED** and Plaintiffs' Third Motion for Sanctions (Dkt. #93) will be **GRANTED in part** and **DENIED in part**, as the Court will issue some of the monetary sanctions requested that relate to the deposition of Mike Madden. Specifically, State Farm Lloyds will be required to pay Gary and Martha Smith for the court reporter and videographer fees in the amount of $891.

It is further **ORDERED** that Gary and Martha Smith's attorneys' fees were reasonable relating the preparation of the interrogatories and the preparation and attendance of the telephone conference on December 8, 2022, as specified in the Court's previous Memorandum Opinion and Order dealing with Sanctions (Dkt. #91). Specifically, State Farm Lloyds will be required to pay Gary and Martha Smith for the issue regarding interrogatories in the amount of $9,104.50.

Combined with the sanctions related to Mike Madden's deposition, State Farm Lloyds will be required to pay Gary and Martha Smith a total of $9,995.50.

It is further **ORDERED** that State Farm Lloyds shall pay Gary and Martha Smith the requisite fees in the amount of $9,995.50 within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

**SIGNED this 5th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE